FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

01 MAR 22 AM 9:23

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

DIAMOND POOL PRODUCTS, INC.,
a Florida corporation,

    Plaintiff,

vs.                                          Case No. 8:01-CV-418-T-27MSS

MIDWEST CANVAS CORP., an
Illinois corporation, HORIZON
VENTURES, INC., an Illinois
corporation, BARRY HANDWERKER
a/k/a BARRY HANER and
RICHARD PERRY,

    Defendants.
_____/

## PRELIMINARY INJUNCTION

**THIS CAUSE** came on to be considered on Plaintiff's Motion for Preliminary Injunction (Dkt. 2). The Court having reviewed said motion and being otherwise fully advised in the premises, finds as follows:

I.

Plaintiff seeks entry of a preliminary injunction enjoining Defendants from infringing Plaintiff's United States Patent No. Des. 409,714 ("patent-in-suit") by manufacturing, selling or offering for sale ornamental pool float products that are substantially similar to Plaintiff's products. (Dkt. 2). Plaintiff has filed sworn declarations of its vice president, John D. Cox (Dkt. 6; hereinafter "Cox. Decl.") and its product development engineer, Damon Stone (Dkt. 5, hereinafter "Stone Decl.") in support of its motion. Defendants contest the validity of the patent-in-suit.

The Court held oral argument on the Motion for Preliminary Injunction on March 16, 2001.



II.

The purpose of a preliminary injunction is to protect the movant from irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits. See Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974). District courts may grant injunctive relief to prevent violation of patent rights. 35 U.S.C. § 283 (1988). A plaintiff seeking a preliminary injunction must establish that:

(1) There is a substantial likelihood that the moving party will prevail on the merits;

(2) The moving party will suffer irreparable injury if the injunction is not granted;

(3) The threatened injury to the moving party outweighs the threatened harm the proposed injunction may cause the opposing party; and

(4) The injunction, if issued, would not be adverse to the public's interest.

Haitian Refugee Center, Inc. v. Baker, 949 F. 2d 1109, 1110 (11th Cir. 1991); Johnson v. United States Dep't of Agriculture, 734 F.2d 774, 781 (11th Cir. 1984).

A.   Likelihood of Success on the Merits

To establish a likelihood of prevailing on the merits of its claim for patent infringement, Plaintiff must show that it will likely prove that Defendants infringed the patent-in-suit and that its infringement claim will likely withstand Defendants' challenges to the validity and enforcement of the patent-in-suit. Vehicular Technologies Corp. v. Titan Wheel Int'l, Inc., 141 F.3d 1084, 1086 (Fed. Cir. 1998). As Defendants admit that they infringed the patent-in-suit, the only question here concerns the validity of the patent-in-suit.[1]

---

[1] The Court also independently finds, for purposes of preliminary injunctive relief, that Defendants infringed Plaintiff's patent-in-suit by making a mold of Plaintiff's product and by offering the infringing product for sale.

2

A statutory presumption of validity attaches to patents that have passed the scrutiny of the patent office. 35 U.S.C. § 282. This presumption may only be overcome by clear and convincing evidence that the patent-in-suit is invalid. Stamicarbon, N.V. v. Escambia Chemical Corp., 430 F.2d 920 (5th Cir. 1970). Defendants maintain that the patent-in-suit is invalid as it does not satisfy the conditions of novelty and non-obviousness for patentability in 35 U.S.C. §§ 102[2] and 103.[3]

Novelty of a design patent under § 102 requires that the inventor exercise his "inventive faculty" to go "a step beyond the prior art requiring what is termed 'inventive genius.'" R.M. Palmer Co. v. Luden's, Inc., 236 F.2d 496, 500 (3rd Cir. 1956). A "combination of elements that are old is patentable, if it produces a new and useful result as the product of the combination; and a design which avails itself of suggestions old in art is patentable, if as a whole, it produces a new and pleasing impression on the aesthetic sense." Id. (citing Matthews & Willard Mfg. Co. v. American Lamp & Brass Co., 103 F. 634, 639 (C.C.D.N.J. 1900).

Here, the prior art Plaintiff submitted to the patent office reveals a depiction of a patented cartoonish ornamental alligator head for recreational pool float products. (Dkt. 3, Ex. A). The patent-in-suit is visually distinct from the cartoonish design as the patent-in-suit is more realistic and

---

[2] Section 102(a) expressly provides:
A person shall be entitled to a patent unless- -
(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent . . . .

[3] Section 103(a) expressly provides:
(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

3

ferocious. (Dkt. 1, Ex. A). The patent-in-suit represents a new impression of the alligator and Defendants have not produced clear and convincing evidence that the patent-in-suit does not represent a novel design.

In considering whether the patent-in-suit satisfies the requirements of non-obviousness in §103, "the test remains whether the claimed design would have been obvious in view of such designs in the prior art." Application of Finch, 535 F.2d 70, 72 (C.C.P.A. 1976). "[E]xamination of the level of skill in the art under consideration is a *sine qua non* to determining what would have been obvious to a person of ordinary skill in that particular art because it defines the skill possessed by that hypothetical person, neither a genius nor a dolt, versed only in the particular fields ('art') under consideration." Steelcase, Inc. v. Delwood Furniture Co., 578 F.2d 74, 80 (5th Cir. 1978). In the declarations filed by Defendants, the declarants Jerry Karlik (Dkt. 20) and Richard Pick (Dkt. 22) assert that they maintain statuary businesses and sell alligator statuaries. Additionally, declarant Sue House (Dkt. 18) maintains that she owns an alligator statuary and has had it on display since before May 1997. These declarants are not representative of individuals skilled in the art of making pool chlorinators. Additionally, the alligator statuaries referenced in Dkts. 18, 20 and 22 do not contain photographs of ornamental alligator head pool chlorinators which are similar to Plaintiff's design. The use of the realistic alligator head coupled with the distinct use of the design as a chlorinator satisfies the non-obvious requirement. See Superior Merchandise Co. v. M.G.I. Wholesale, Inc., 1999 WL 977365 (E.D. LA. 1999). In light of the foregoing, the Court finds that Plaintiff has shown that it is likely to prevail on the merits of its patent infringement claim and that Defendants have not established clear and convincing evidence that the patent-in-suit is invalid.

B.  Irreparable Harm, Balance of the Injuries, and Public Interest

A patent owner seeking a preliminary injunction is entitled to a presumption of irreparable injury. Smith Int'l, Inc. v. Hughes Tool Corp., 718 F.2d 1573, 1581 (Fed. Cir. 1983). Additionally, as Plaintiff's business is seasonal and both parties are currently marketing and selling their ornamental pool float products, the Court expressly finds that Plaintiff will suffer irreparable injury if a preliminary injunction is not granted. See (Dkt. 6, Cox Decl. ¶ 20; Dkt. 5, Stone Decl. ¶ 16). The balance of the hardships also favors issuance of a preliminary injunction as Defendants have blatantly infringed upon Plaintiff's presumptively valid patent and have agreed to forgo offering the allegedly infringing products for sale. See (Dkt. 6, Cox Decl. ¶¶ 16, 17; Dkt. 21, Handwerker Decl. ¶¶ 6, 12-14, 17). Finally, given the circumstances presented, issuance of a preliminary injunction would not be adverse to the public's interest. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1.  Defendant Midwest Canvas Corp., Horizon Ventures, Inc., Barry Handwerker, a/k/a Barry Haner and Richard Perry, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them are hereby enjoined from manufacturing, selling, promoting, advertising or offering for sale Defendants' alligator chlorinator (Part # HVGC-2001) and alligator thermometer (Part # HVGT-2001) and any colorable imitations thereof.

2.  Plaintiff shall post security in the amount of $10,000 pursuant to Fed. R. Civ. P. 65(c) within five (5) days of the date of this Order.

DONE AND ORDERED in chambers this 21st day of March, 2001. at 3:40 P.M.

JAMES D. WHITTEMORE
United States District Judge

cc: Counsel of Record
 Law Clerk

**HP OfficeJet**  
Personal Printer/Fax/Copier

**Fax Log Report** for  
U.S. District Court TPA

Mar-21-01   03:53 PM

**Automatic Log**

| Identification | Result | Pages | Type | Date | Time | Duration | Diagnostic |
|---|---|---|---|---|---|---|---|
| 92237118 - FRANK JAKES, ESQ. | OK | 06/06 | Sent | Mar-21 | 03:46P | 00:02:56 | 002526030022 |
| 92290134 - STEPHEN STEIN, ESQ. | OK | 06/06 | Sent | Mar-21 | 03:50P | 00:02:52 | 002526030022 |

750